**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2714-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LARRY JONES,

     Defendant-Appellant.

_____

> Submitted May 8, 2019 – Decided May 30, 2019
>
> Before Judges Currier and Mayer.
>
> On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 85-06-0624.
>
> Larry Jones, appellant pro se.
>
> Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Defendant Larry Jones appeals from the denial of his sixth petition for post-conviction relief (PCR). Defendant's arguments, with one exception, are

time-barred under Rule 3:22-12(a)(2). We, therefore, only address defendant's contention that his sentence was illegal. Because the sentence was affirmed in the direct appeal, State v. Jones, No. A-1776-86 (App. Div. May 19, 1989), and we find his remaining arguments concerning his sentence meritless, we affirm.

Defendant was convicted in 1986 of murder, N.J.S.A. 2C:11-3(a)(1) and/or 2C:11-3(a)(2); felony murder, N.J.S.A. 2C:11-3(a); four counts of first-degree robbery, N.J.S.A. 2C:15-1; four counts of kidnapping, N.J.S.A. 2C:13-1(b)(1); unlawful possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4; and possession of a handgun without a permit, N.J.S.A. 2C:39-5(b).

The jury declined to impose the death penalty. In 1986, defendant was sentenced to a thirty-year term of incarceration without parole eligibility for the murder conviction; four concurrent twenty-year sentences on the robbery convictions, with a ten-year parole ineligibility period, to run consecutively to the murder sentence; four concurrent thirty-year sentences on the kidnapping convictions, with a fifteen-year parole ineligibility, to run consecutively to the murder conviction; and a four-year concurrent term for possession of a weapon without a permit. The sentences were consecutive to the prison time defendant was already serving in another state.

Defendant appealed his convictions and sentence, presenting numerous arguments, including a contention that the imposed sentence was "manifestly excessive." Jones, slip op. at 3. In addressing that argument, we held: "Our review of the record satisfies us that the sentence was within the guidelines of State v. Yarbough, 100 N.J. 627, 644 (1985) . . . and did not constitute a mistaken exercise of sentencing discretion." Id. at 13.

Thereafter, defendant presented five PCR petitions; all were denied by the trial court and affirmed by this court.[1] In the fifth petition, defendant contended his trial, appellate, and first PCR counsel were ineffective for not recognizing that his consecutive sentences were illegal. The PCR judge found defendant's application was untimely under Rule 3:22-12 and procedurally barred under Rule 3:22-4. We affirmed, noting defendant "could have challenged his sentence and [ineffective assistance claims] upon direct appeal or in any of his four preceding PCR petitions." Jones, No. A-4973-08, slip op. at 4.

In this PCR petition, defendant asserts errors in the jury instructions and polling procedure of the jury, and presents a "[m]otion [t]o [c]orrect [a]n

---

[1] State v. Jones, No. A-5167-89 (App. Div. Mar. 26, 1992); State v. Jones, No. A-6933-93 (App. Div. May 19, 1997); State v. Jones, No. A-1285-02 (App. Div. May 2, 2003); State v. Jones, No. A-5307-02 (App. Div. Nov. 19, 2004); State v. Jones, No. A-4973-08 (App. Div. Nov. 20, 2009).

[i]llegal [s]entence [c]onviction." The trial judge found defendant's claims, other than the illegal sentence assertion, were time barred as he did "not assert any claim that ha[d] occurred within one year," and procedurally barred. See R. 3:22-12; R. 3:22-4. Although defendant's illegal sentence argument was not time barred, the judge concluded it was procedurally barred because it had been previously considered, and rejected, in his direct appeal. Because the illegal sentence claim was already adjudicated, the judge determined defendant was estopped from raising it again.

We review the legal conclusions of a PCR judge de novo. State v. Harris, 181 N.J. 391, 421 (2004).

A second or subsequent PCR petition is governed by Rule 3:22-4(b), which provides:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) [I]t is timely under R[ule] 3:22-12(a)(2); and
>
> (2) [I]t alleges on its face either:
>
> (A) [T]hat the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) [T]hat the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) [T]hat the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Rule 3:22-12(a)(2) requires the filing of the petition within one year from when one of these grounds commenced. Its time limitation "shall not be relaxed, except as provided [t]herein." R. 3:22-12(b); see also State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (noting that in 2010, by way of amendments, the "Supreme Court made clear that the late filing of a second or subsequent PCR petition could not be excused in the same manner as the late filing of a first PCR petition").

This petition is untimely under Rule 3:22-12(a)(2). The allegations of errors in the jury instruction and polling arose from the trial in 1986. In the direct appeal, defendant and his counsel had access to the trial transcripts. All claims arising out of the trial should have been asserted on direct appeal after reviewing the trial transcripts. Defendant has not provided any reason why he could not have discovered any alleged errors in the jury instructions or polling

5

procedure at an earlier time. Therefore, the claims were properly barred under Rules 3:22-4 and 3:22-12.

Defendant asserts the ineffective assistance of his trial, appellate, and first PCR counsel because they failed to prevent the imposition of his "death sentence." We considered, and rejected, this argument in our review of defendant's fifth PCR petition. Jones, No. A-4973-08, slip op. at 3, 4. Defendant already challenged his sentence in the direct appeal. He could have claimed ineffective assistance of trial and appellate counsel in any of his first four PCR petitions. Allegations of ineffective assistance of the first PCR counsel should have been made in the three subsequent petitions. These claims are properly barred as untimely under Rule 3:22-4.

In contrast, defendant's illegal sentence claim may be presented in a PCR petition at any time. See R. 3:22-2(c). Here, defendant contends "[h]e was illegally and incorrectly subjected to the penalty-phrase proceedings of [N.J.S.A.] 2C:11-3(c) and . . . was given a 'life sentence through that process from a death qualified jury.'" He further argues that the sentencing judge said

he was imposing a "death sentence."[2]  Defendant asserts the death sentence imposed on him is illegal.

An illegal sentence cognizable on PCR is one that "exceeds the maximum penalty provided in [the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 to 2C:104 -9] for a particular offense" or is "not imposed in accordance with law."  State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also R. 3:22-2(c) (explaining an illegal sentence is one "in excess of or otherwise not in accordance with the sentence authorized by law").

Here, the jury declined to impose the death penalty.  And the sentencing judge did not impose an actual "death sentence."  Defendant was sentenced on the murder conviction to prison for life, with a mandatory parole ineligibility period of thirty years.  Because this sentence was in the authorized range for the crime of which defendant was convicted, his sentence was not "illegal."  See R. 3:22-2(c).[3]

---

[2]  During the sentencing hearing, the judge stated: "[T]he sentence that I'm about to impose, I suppose, is a death sentence."  He concluded: "The sentence, in summary, is a life sentence with forty-five years without parole."

[3]  To the extent defendant may be arguing the excessiveness of his sentence, we found that contention meritless in the direct appeal.  Jones, No. A-1776-86, slip op. at 13.  Therefore, that argument cannot be renewed in a PCR petition.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2714-17T4